UNITED STATES BANKRUPTCY  COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| JESSE KEELER, | : | |
| Debtor | : | Bankruptcy No. 08-14079bf |
| _____ | | |
| JESSE KEELER, debtor | : | |
| Plaintiff | : | |
| v. | : | |
| PRA RECEIVABLES MANAGEMENT, | : | |
| LLC and PORTFOLIO RECOVERY | | |
| ASSOCIATES, INC., | : | |
| Defendants | : | Adversary No. 08-0334bf |
| _____ | | |

...................................................

MEMORANDUM OPINION
...................................................

Mr. Jesse Keeler, the debtor in this chapter 13 bankruptcy case, commenced the above-captioned adversary proceeding against defendants PRA Receivables Management, LLC and Portfolio Recovery Associates, Inc.  The complaint filed consists of four counts against the defendants jointly.  The debtor seeks actual damages, statutory damages, attorney fees, punitive damages, and various forms of equitable relief.

As will be discussed, the kernel of the complaint is that the two defendants routinely purchase "stale" credit card debt from credit card companies, and then file proofs of claim (for the face amount of the debt, with interest) in bankruptcy cases, such as this one, although the defendants know or should know that the claims are barred by the applicable statute of limitations.

Presently before me is the defendants' motion to dismiss all counts of the complaint for failure to state a cause of action. They contend that, even if the debtor's factual allegations are true, he is not entitled to any monetary or equitable relief. The defendants argue that, although the statute of limitations may have run on their claim, they still hold a valid debt, as the assignee of an unpaid contractual obligation, that entitles them to file a proof of claim in the debtor's chapter 13 bankruptcy case. Moreover, the defendants also contend that two causes of action raised by the debtor are barred by the doctrines of preemption or preclusion.

Upon review of the parties' memoranda and oral argument, I agree, for the reasons to follow, that this adversary proceeding must be dismissed.

I.

A.

The complaint alleges relatively few facts.

On or about July 10, 2008, an unsecured proof of claim was filed in this chapter 13 case by defendant PRA Receivables Management LLC "as agent of Portfolio Recovery Associates, LLC successor in interest to First Union National Bank (Corestates Bank)." This proof of claim, docketed as claim #1, asserted an unsecured claim in the amount of $3,230.55, based upon credit card usage. Complaint, ¶ 14 (Exhibit A).

Attached to Portfolio's proof of claim was a "supplemental account summary." This summary revealed the following:

2

> PRA Receivables Management, LLC as agent of Portfolio
> Recovery Assocs., successor in interest to FIRST UNION
> NATIONAL BANK / (CORESTATES BANK). The account
> was purchased from FIRST UNION NATIONAL BANK on
> 4/28/2000.
>
> ***
>
> Acct. #: ******7993
> Acct. Type: Credit Card
> Date of Loan: 10/6/1994
> Charge off Date: 10/23/1995
> Last Payment Date: 2/13/1995
> Balance at Filing Date: $3,230.55

Exhibit A.

The debtor alleges in his complaint that "[d]efendant(s) routinely take(s) assignment of consumer accounts for Debtors who file Chapter 13 Bankruptcy Petitions. Defendant(s) then file(s) proofs of claim on such assigned accounts."  Complaint, ¶ 13. Moreover, "[t]he aforementioned proof of claim was/were clearly outside of the applicable statute of limitations, and were therefore legally unenforceable claims."  Id., ¶ 15.  The debtor also asserts that the defendants knew or should have known that the statute of limitations had expired when they filed the proof of claim.  In addition, the debtor avers that the defendants' conduct in this case is typical of their actions in other bankruptcy cases.

After the filing of this complaint, Portfolio's proof of claim #1 was withdrawn, upon motion, without opposition from the debtor pursuant to Fed. R. Bankr. P. 3006.

B.

Based upon these facts, the debtor raises four causes of action.

3

In Count One, the debtor contends that the defendants violated 11 U.S.C. §§ 105(a), 502 and 524 by filing a proof of claim that defendants knew or should have known was "legally unenforceable" due to the expiration of the relevant statute of limitations.  He seeks an injunction against such future filings; attorneys' fees for bringing this proceeding; requiring the defendants to "disgorge and return to the chapter 13 trustee all monies received from out of stat [sic] proofs of claims"; appointing an independent auditor to investigate the practices of the defendants in filing time-barred proofs of claim; directing the defendants to withdraw any improper claims still pending before the court; ordering defendants to reimburse all trustees, debtors and debtors' counsel for out-of-pocket expenses incurred in contesting time-barred proofs of claim; and requiring defendants to reimburse trustees for costs arising from the need to re-administer any disgorged monies as discussed above.[1]

In Count Two, the debtor asserts that the defendants' actions also violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq., because they attempted to collect on a consumer debt against the debtor by "filing proofs of claims that are clearly outside the applicable statute of limitations and thus legally unenforceable." Complaint, ¶ 29.  Count Two seeks $1,000 in statutory damages under the FDCPA.

In Count Three, the debtor contends that the defendants' actions violated "Pennsylvania's Fair Trade Extension Uniformity as Act [sic]," (PFCEUA), 73 PS §§ 2270 et seq., as well as Pennsylvania's Unfair Trade and Consumer Protection Law (PUTCL), 73 PS §§ 201 et seq., by "attempt[ing] to collect a consumer debt where the

---

[1]As I find that Count One does not state a cause of action, I need not address the procedural and jurisdictional issues posed by the debtor's demand for relief involving debtors and trustees in other cases.

4

debt collector hand [sic] no legal right to collect such debt." Complaint, ¶ 32. The debtor demands $100 in statutory damages under PFCEUA and PUTCL.

Finally, Count Four avers that defendants have also violated 28 U.S.C. § 1927 by their "intentional filing of improper proofs of claims" which "unreasonably and vexatiously multiplied the proceedings in Plaintiff's Bankruptcy Proceeding," Complaint, ¶ 36, and that "Defendant(s) engaged in a pattern of filing improper proofs of claims, having knowledge that such claims were improper at the time the proof(s) of claim(s) were filed. Such conduct plagues the Bankruptcy Court as wells [sic] as debtors, other claimants, attorneys, judges and clerk." Complaint, ¶ 39.

In addition to the relief previously mentioned, the debtor seeks attorneys' fees incurred in objecting to the time-barred proofs of claim, attorneys' fees incurred in litigating this adversary proceeding, monetary sanctions equal to the amount of Portfolio's proof of claim, as well as punitive damages in the amount of $20,000.


II.


The defendants seek to dismiss all four counts of the complaint under Fed. R. Bankr. P. 7012, which procedural rule incorporates, inter alia, Fed. R. Civ. P. 12(b)(6). Motions by defendants under the standard established by Fed. R. Civ. P. 12(b)(6) essentially test the legal sufficiency of the factual allegations contained within a plaintiff's complaint. See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Whether the chapter 13 debtor in his complaint has sufficiently stated a cause of action is governed by Federal Rule of Bankruptcy Procedure 7008, which incorporates Fed. R. Civ. P. 8.

5

Rule 8 integrates a notice pleading standard, which "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). The Supreme Court recently emphasized that while a complaint need not include detailed factual allegations, it does need to go beyond "a formulaic recitation of the elements of a cause of action. . . ." Twombly, 127 S. Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. —, —, 127 S. Ct. 1955, 167 L. Ed. 2d 929, — (2007) (slip op., at 7-8) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp., supra, at —, 127 S. Ct. 1955 (slip op., at 8-9). . . .

Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Not only are the allegations in the complaint accepted as true in determining whether the plaintiff has stated a cause of action, but those averments must be construed in a light most favorable to the plaintiff. See, e.g., Phillips v. County of Allegheny, 515 F.3d at 233.

Therefore, in ruling upon a Rule 12(b)(6) motion, the trial court's role is limited to determining whether, based upon the allegations of the complaint accepted as true with all reasonable inferences, the plaintiff is entitled to offer evidence in support of the claims, and not whether the plaintiff will ultimately prevail upon the merits. See, e.g.,

6

<u>Unite Nat'l Retirement Fund v. Rosal Sportswear, Inc.</u>, 2007 WL 2713051, at *4 (M.D.

Pa. 2007).  The Rule 8 pleading standard merely requires that the plaintiff allege

sufficient facts to warrant engaging in discovery.  As the Third Circuit recently explained:

> The Supreme Court's <u>Twombly</u> formulation of the pleading
> standard can be summed up thus: "stating . . . a claim requires
> a complaint with enough factual matter (taken as true) to
> suggest" the required element.  <u>Id.</u>  This "does not impose a
> probability requirement at the pleading stage," but instead
> "simply calls for enough facts to raise a reasonable
> expectation that discovery will reveal evidence of" the
> necessary element.  <u>Id.</u>

<u>Phillips</u>, 515 F.3d at 234.

In other words, the plaintiff must make a sufficient showing to justify

moving to the next stage of litigation.  <u>Phillips</u>, 515 F.3d at 234-35.  If, after accepting all

of the plaintiff's factual allegations as true and the reasonable inferences therefrom, the

complaint fails to state a cause of action entitling the plaintiff to any relief, dismissal is

warranted.  <u>See</u>, <u>e.g.</u>, <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) ("A court may

dismiss a complaint only if it is clear that no relief could be granted under any set of facts

that could be proved consistent with the allegations."); <u>In re Joubert</u>, 411 F.3d 452 (3d

Cir. 2005); <u>Ransom v. Marrazzo</u>, 848 F.2d 398, 401 (3d Cir. 1988); <u>see also</u> <u>In re Banks</u>,

214 Fed. Appx. 164 (3d Cir. 2007) (non-precedential).

III.

A.

For purposes of this motion to dismiss, defendants concede that they filed

Portfolio's proof of claim #1 knowing that this claim was time-barred under applicable

7

state law: Pennsylvania's four year statute of limitations.  42 Pa. C.S.A. § 5525(a); see generally Aronson v. Commercial Financial Services, Inc., 1997 WL 1038818, at *3 (W.D. Pa. 1997).  Nonetheless, they contend that entities holding time-barred claims are still creditors owed a debt within the meaning of 11 U.S.C. §§ 101(5)(A), (10)(A), (12), and thus entitled to file a proof of claim under section 501 of the Bankruptcy Code.  They further argue that the statute of limitations under Pennsylvania law is an affirmative defense that is waivable.  If the defense is raised, it should be asserted via an objection to the claim, for which the sole remedy is disallowance under section 502.  In support of their position, defendants refer to numerous reported decisions, such as In re Chaussee, 399 B.R. 225 (B.A.P. 9th Cir. 2008), In re McGregor, 398 B.R. 561, 564 (Bankr. N.D. Miss. 2008), and In re Varona, 388 B.R. 705 (Bankr. E.D. Va. 2008).

The debtor counters that once the statute of limitations has run, Pennsylvania law invalidates the claim and precludes any attempts to collect the debt.  Relying upon Commonwealth ex rel Fisher v. Cole, 709 A.2d 994 (Pa. Cmwlth. 1998), the debtor maintains that a proof of claim filed when the claimant knows that the limitations period has expired violates both state law as well as federal bankruptcy and non-bankruptcy law, and thus is sanctionable.  Otherwise, the claimant may obtain a distribution in a bankruptcy case to which it is not entitled.  Moreover, trustees and debtor must expend time and energy to insure that a wrongful distribution does not occur.

B.

To resolve this dispute, I turn first to the language of the Bankruptcy Code.

8

Section 501(a) provides that a "creditor . . . may file a proof of claim." Section 101(10)(A) of the Bankruptcy Code defines a "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." Similarly, the term "debt" is defined as a "liability on a claim." 11 U.S.C. § 101(12). As section 301(b) states that the filing of a voluntary bankruptcy petition constitutes an "order for relief," a creditor then is an entity that holds a prepetition debt or claim against the debtor. Moreover, "[w]hen a debtor declares bankruptcy, each of its creditors is entitled to file a proof of claim . . . against the debtor's estate." Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co., 549 U.S. 443, 449 (2007).

The Bankruptcy Code at 11 U.S.C. § 105(5) states the following definition of a claim:

The term "claim" means–

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

The existence of a claim, however, does not entitle a creditor to payment. Section 502(b)(1) provides, in essence, "that a claim shall be disallowed to the extent that the claim is unenforceable under applicable law." In re Greenspan, 2002 WL 31934321, at *2 (D. Md. 2002). Therefore, if as of the date of the debtor's bankruptcy filing a creditor's claim was barred by the applicable statute of limitations, then the claim must be disallowed upon objection by a party in interest. See, e.g., In re Goldberg, 234 B.R. 159

9

(Bankr. M.D. Fla. 1999); In re Gridley, 149 B.R. 128, 132 (Bankr. D.S.D. 1992) ("In formulating an objection to a properly filed proof of claim, the trustee is given the benefit of any defense applicable law, including state law, would afford the debtor as a defense against the claim" including the statute of limitations.).[2]

As mentioned above, the defendants here concede that Portfolio's challenged claim should have been disallowed under section 502 as barred by Pennsylvania's four-year statute of limitations, based upon the challenge made in this adversary proceeding, had the claim not been withdrawn.  See In re McGregor, 398 B.R. at 564.  They differ with the debtor, however, in drawing a distinction between the existence of a claim and its allowance for purposes of bankruptcy distribution.

I find the defendants' distinction persuasive in resolving the instant motion to dismiss.  Indeed, given the language of section 501(a), I find dispositive whether Portfolio, acting through its agent PRA, held a prepetition claim within the meaning of section 101(5)(A), and thus was a creditor of the debtor.  If so, then it was statutorily entitled to file the challenged proof of claim.  See generally Travelers Cas. and Sur. Co. of America, 549 U.S. at 449; In re Insilco Technologies, Inc., 480 F.3d 212, 215 n.6 (3d Cir. 2007).

---

[2]Section 108(c) of the Bankruptcy Code extends the limitations period for creditor claims in certain instances.  It applies, however, only to those creditor claims that were not already barred prepetition by relevant non-bankruptcy law.  See, e.g., In re Klingshirn, 209 B.R. 698, 702 (B.A.P. 6th Cir. 1997) ("By its language, § 108(c) extends a statute of limitations that would expire while the automatic stay is in effect. . . .  Otherwise, § 108(c)(1) preserves the statute of limitations established under nonbankruptcy law.").  In other words, if a claim is barred prepetition by the relevant statute of limitations, a later bankruptcy filing will not resurrect that claim.

IV.


When Congress enacted the Bankruptcy Reform Act of 1978, which included the definition of the term "claim" quoted above, it was not writing on a clean slate.  The concept of a claim was an important component of the former Bankruptcy Act of 1898.  See generally Gardner v. State of New Jersey, 329 U.S. 565, 572 (1947).

Under the former Bankruptcy Act, a claim had to be both proved and allowed in order for a creditor to receive a distribution.  3 Collier on Bankruptcy, ¶ 57.14[1], at 228 (14th ed. 1977); see, e.g., Hargadine-McKittrick Dry Goods Co. v. Hudson et al., 122 F. 232, 234 (8th Cir. 1903).  Indeed, the former bankruptcy legislation had different provisions addressing allowance of claims, section 57 (former 11 U.S.C. § 93), and defining those claims that were provable, section 63 (former 11 U.S.C. § 103).  See Pennsylvania Dept. of Environmental Resources v. Tri-State Clinical Laboratories, Inc.,178 F.3d 685, 693 (3d Cir.1999).

As noted by one commentator, those claims that were provable were not necessarily allowable:

> Debts of the types specified in § 63 may be proved.  They also *may* be allowed.  But whether a debt so proved will actually be allowed is a distinct issue, and one that depends not only on provability.  Allowance of a claim is determined by the court on the merits as a judicial act, and requires some order or action of the court to make it effective.  The court may disallow a claim because it does not constitute a debt provable under § 63, or because the proof was belated, or because the claim was legally invalid, or barred by the statute of limitations, or because it has been discharged through payment, setoff or release.  The infinite variety of reasons for which a claim may be disallowed explains why a disallowed claim and a non-provable debt or claim are not identical things. . . .

11

3A Collier on Bankruptcy, ¶ 63.05, at 1775-76 (14th ed. 1977) (footnotes omitted) (emphasis in original).

As suggested in the quotation above, a number of decisions under the former Bankruptcy Act held that claims barred by the relevant statute of limitations were provable debts, but not allowable if objected to:

> Debts are not the less provable, within the meaning of the bankrupt act, because the statute of limitations may be successfully pleaded against their allowance.  As well say that a debt was not suable because the statute of limitations might be pleaded to an action upon it.  The plaintiff's judgment was a provable debt, and the fact that a recovery upon it might be defeated by the pleas of payment, or a pleas [sic] of the statute of limitations, or any other plea in bar, did not take it out of the class of provable debts.  The term 'provable debts' does not mean only such debts as are valid, and against the allowance of which no defense can be successfully interposed.

Hargadine-McKittrick Dry Goods Co., at 234; see, e.g., In re Povill, 105 F.2d 157, 159 (2d Cir. 1939) ("A claim already outlawed by limitations when a bankruptcy proceeding is commenced may not be allowed as a claim against the bankruptcy estate where appropriate objection is made."); In re Solomons, 2 F.Supp. 572, 573 (S.D.N.Y. 1939); Shapiro v. Lubasch, 186 Misc. 182, 183, 58 N.Y.S.2d 695 (1945) ("If a creditor were to attempt to prove a claim barred by the Statute of Limitations he probably would be met with that defense and if that defense were sustained his claim would undoubtedly be disallowed.  But that would not mean he had a nonprovable debt.")

This distinction between a provable debt and an allowable claim was relied upon by the Second Circuit Court of Appeals in In re Weidenfeld, 277 F. 59 (2d. Cir. 1921).  The appellate court held that, in the absence of a timely objection, a claim otherwise barred by the statute of limitations is allowable.  Id., at 61-62.

12

When Congress enacted the Bankruptcy Reform Act of 1978, it expanded the definition of a claim and combined the concepts of provable and allowable claims by abolishing the concept of provability.  See Pennsylvania Dept. of Environmental Resources v. Tri-State Clinical Laboratories, Inc., 178 F.3d at 694; H.R. Rep. No. 595, 95th Cong., 1st Sess. 180 (1978); see also In re Kewanee Boiler Corp., 297 B.R. 720, 732-33 (Bankr. N.D. Ill. 2003).  A creditor is an entity that holds a prepetition claim, 11 U.S.C. § 101(10)(A); a debt is simply a "liability on a claim," 11 U.S.C. § 101(12); and a claim is defined broadly as a "right to payment," whether or not that right is disputed, liquidated, matured or contingent.  11 U.S.C. § 101(5)(A).[3]  Thus, a claim under the Bankruptcy Reform Act of 1978 exceeded the scope of the prior Bankruptcy Act definition.  Pennsylvania Department of Public Welfare v. Davenport, 495 U.S. 552, 557-58 (1990):

> A "claim" is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." . . .  As is apparent, Congress chose expansive language in both definitions relevant to this case.  For example, to the extent the phrase "right to payment" is modified in the statute, the modifying language ("whether or not such right is . . .") reflects Congress' broad rather than restrictive view of the class of obligations that qualify as a "claim" giving rise to a "debt." See also H.R. Rep. No. 95-595, supra, at 309 . . . (describing definition of "claim" as "broadest possible" and noting that Code "contemplates that all legal obligations of the debtor . . . will be able to be dealt with in the bankruptcy case"); accord, S.Rep. No. 95-989, supra, at 22. . . .

(citations omitted).

---

[3]Section 101(5)(B) states that a claim also includes a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment . . . ."

In expanding the definition of the term "claim," Congress established that the existence of a right to payment is more extensive than the existence of a cause of action that entitles an entity to bring suit.  See, e.g., In re Remington Rand Corp., 836 F.2d 825, 831-32 (3d Cir. 1988) ("In ascertaining when the government's right to payment arose, we recognize that a party may have a bankruptcy claim and not possess a cause of action on that claim.").  Indeed, "a claim need not be a presently enforceable obligation."  Pearl-Phil GMT (Far East) Ltd. v. Caldor Corp., 266 B.R. 575, 581 (S.D.N.Y. 2001).

I appreciate that the question of when a right to payment arises is answered in this circuit by state law, not by federal common law.  Matter of M. Frenville Co., Inc., 744 F.2d at 337 (analyzing New York law); see Jones v. Chemetron Corp., 212 F.3d 199, 205-06 (3d Cir. 2000):

> The parties dispute the correct standard for determining when the plaintiffs' claims arose.  Chemetron contends that the question of when the plaintiffs' claims arose is not governed by state law dictating when a cause of action accrues, but rather by a federal common law of bankruptcy.  Although significant authority supporting this proposition exists in other circuits, this circuit has held the reverse.  In Matter of M. Frenville Co., Inc., 744 F.2d 332 (3d Cir. 1984), cert. denied, 469 U.S. 1160, 105 S. Ct. 911, 83 L. Ed. 2d 925 (1985), this court held that in most circumstances a "claim" arises for bankruptcy purposes at the same time the underlying state law cause of action accrues.  Id. at 337.  We are cognizant of the criticism the Frenville decision has engendered, but it remains the law of this circuit.  See Matter of Penn Central Transp. Co., 71 F.3d 1113, 1114-15 (3d Cir. 1995) (applying rule of Frenville), cert. denied, 517 U.S. 1221, 116 S. Ct. 1851, 134 L. Ed. 2d 951 (1996); In re Bryer, 216 B.R. 755, 759 (Bankr. E.D. Pa. 1998) (same).  Accordingly, this court must look to Ohio tort law to determine when the plaintiffs' claims accrued.

14

(footnote omitted); see also Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 169 (1946).

Nevertheless, "[e]ven though non-bankruptcy law may not recognize a claim absent a breach, the Bankruptcy Code . . . employs a broader approach.  Thus, under the Code, a right to payment need not be currently enforceable in order to constitute a claim." Pearl-Phil GMT (Far East) Ltd. v. Caldor Corp., 266 B.R. at 581.  In enacting federal bankruptcy law, Congress has such power.  See Vanston Bondholders Protective Committee v. Green, 329 U.S. at 169-73.

For example, Pennsylvania law provides that a cause of action exists only when a party has the present right to bring suit.  See Manning v. Newville Water Co., 111 Pa. Super. 229, 236-37 (1933).  Therefore, a lawsuit brought before a cause of action has accrued is premature and subject to dismissal.  See Kast v. Standard Provisions Co., 128 Pa. Super. 568, 571 (1937); 2 Standard Pennsylvania Practice 2d, § 8.12 (2009).  For example, there can be no judgment against a promissor in an action brought on a promissory note before it is due.  See Taylor v. Jacoby, 2 Pa. 495 (1846); Owen v. Shelhamer, 3 Binn 45 (Pa 1810).

However, although Pennsylvania would not permit a civil action to commence on an unmatured claim, see Erdely v. Hinchcliffe and Keener, Inc., 875 A.2d 1078, 1085-86 (Pa. Super. 2005); see also Citizens Trust Co. of Clarion, Pa., v. Trunk, 30 Pa. D. & C. 511, 516 (C.P., Clarion Co. 1937) ("A bank cannot set off against the claim of an attaching creditor the amount of unmatured notes endorsed by the depositor. . . ."), Congress has authorized an entity holding an unmatured claim or contingent claim to file a proof of claim.  See 11 U.S.C. § 101(5)(A).

15

V.

Based upon the broad definition of a claim found in section 101(5)(A), and based upon the provisions of section 501, which affords all entities that hold claims the statutory entitlement to file a proof of claim, numerous courts have upheld the right of an entity to file a proof of claim, even if that claim is clearly barred by the applicable statute of limitations.  See, e.g., In re McGregor, 398 B.R. at 564; In re Andrews, 394 B.R. 384, 388 (Bankr. E.D.N.C. 2008); In re Simpson, 2008 WL 4216317, at *2, *3 (Bankr. N.D. Ala. 2008); In re Varona, 388 B.R. 705, 723-24 (Bankr. E.D. Va. 2008).  These decisions reason (as did those under the former Bankruptcy Act) that a valid claim exists, albeit one that is subject to disallowance upon objection pursuant to section 502(b):

> In Virginia, a debt for which collection action has become barred by the running of a statute of limitations is not extinguished; rather, the bar of the statute operates to prevent enforcement[.]
>
>                               ***
>  Further, in Virginia, the bar of a statute of limitations must be asserted as an affirmative defense.

In re Varona, 388 B.R. at 722; see, e.g., In re Andrews, 394 B.R. at 388; In re Simpson, 2008 WL 4216317, at *3.

Given that the filing of such a proof of claim was permitted under the Bankruptcy Act of 1898, and given that Congress expanded the definition of a claim under the current Bankruptcy Code and thus widened the scope of those permitted to submit proofs of claims in a bankruptcy case, the debtor cannot persuasively argue that Congress intended to overrule the practice under the former Bankruptcy Act when it enacted current section 101(5).  See generally Hartford Underwriters Ins. Co. v. Union

Planters Bank, N.A., 530 U.S. 1, 10 (2000); Dewsnup v. Timm, 502 U.S. 410, 419 (1992)

("[T]his Court has been reluctant to accept arguments that would interpret the Code,

however vague the particular language under consideration might be, to effect a major

change in pre-Code practice that is not the subject of at least some discussion in the

legislative history.").

        Instead, the debtor contends that Pennsylvania law is more restrictive in

precluding any right to payment for stale debts than other state law jurisdictions.  Relying

upon Commonwealth ex rel Fisher v. Cole, 709 A.2d 994 (Pa. Cmwlth. 1998), he

maintains that the running of the statute of limitations actually extinguishes the

underlying debt in Pennsylvania.  This, he contends, renders the instant proceeding

distinguishable from those decisions relied upon by the defendants.

        The debtor's argument overlooks a long line of appellate court decisions

construing Pennsylvania law and holding to the contrary.  See Commonwealth ex. rel.

Margiotti v. Cunningham, 337 Pa. 289, 298 (1940) ("A debt, though barred by limitation,

is still a debt."); Woods v. Irwin, 141 Pa. 278, 293 (1891) ("A debt barred by the statute

of limitations is still a debt, though the remedy upon it be suspended or gone.  Its force as

an existing obligation, even though only moral, is such that a promise to pay is binding

without other consideration."); McIntosh v. Condron, 20 Pa. Super. 118, 1902 WL 3732,

at *3 (1901) (citing Woods v. Irwin); see also Westinghouse Elec. Corp./CBS v.

W.C.A.B., 584 Pa. 411, 425 n.11 (2005) ("A statute of limitations is procedural and

extinguishes the remedy rather than the cause of action."); In re Philadelphia Elec. Co.,

352 Pa. 457, 463-64 (1945) ("A statute of limitations provides a procedural limitation but

does not deal with substantive rights."); 2 Standard Pennsylvania Practice 2d, § 13:11

(2008).  Indeed, federal courts have so interpreted Pennsylvania law:

> [T]he outstanding credit card account balances were debts
> regardless whether the Pennsylvania statute of limitations
> precluded collection by judicial means. The statute of
> limitations foreclosed judicial remedies rather than
> eliminat[ed] the underlying rights.

Aronson v. Commercial Financial Services, Inc., 1997 WL 1038818, at *3 (W.D. Pa.

1997); see also Ehsanuddin v. Wolpoff & Abramson, 2007 WL 543052, at *4, n.1 (W.D.

Pa. 2007) ("[I]t should be noted here that the fact that the limitations period during which

a lawsuit may be brought has lapsed, does not mean that the debt itself has been

extinguished or that a debt collector is precluded from using means, other than judicial

means, to collect the debt.").

        In addition, under Pennsylvania law the statute of limitations "is an

affirmative defense that effectively can be waived by the failure to properly raise it as

New Matter in the answer." 2 Standard Pennsylvania Practice 2d, § 13:95 (2008); see

Kyle v. McNamara & Criste, 506 Pa. 631, 635 (1985); Chainey v. Street, 523 F.3d 200,

209-10 (3d Cir. 2008); see also Pa. R. Civ. P. 1030 (listing the statute of limitations

among the affirmative defenses that must be pled in civil actions).

        Thus, Pennsylvania law appears to be consistent with the law of other

jurisdictions.  A debt barred by the statute of limitations is not extinguished; rather, it is

subject to an affirmative defense that can be waived.

        In Cole, heavily relied upon by the debtor, in a two to one decision a panel

of the Commonwealth Court upheld a preliminary injunction obtained by the

Commonwealth against a physician who had brought suit against numerous former

patients based upon stale claims.  709 A.2d at 995.  The preliminary injunction in favor of

the Commonwealth was based, in part, upon Pennsylvania's Unfair Trade Practices and

Consumer Protection Law, 73 P.S. §§ 201-1, et seq.  Although the appellate court does

hold that state law was violated by "filing and prosecuting actions barred by the four-year

statute of limitations and by continuing to prosecute the actions after being made aware of

the applicable statute of limitations," id., at 997, the facts also reveal the defendant-

creditor alleged in his complaints inaccurate information regarding payments and the

provision of services, in an attempt to hide or circumvent a limitations defense.  Id., at

996.  Thus, the preliminary injunction issued in Cole appears to sanction conduct beyond

the filing of civil actions based upon known stale claims.

        Given the particular facts presented in Cole, I do not agree with the debtor's

assertion that Cole establishes the principle in Pennsylvania that the expiration of the

statute of limitations serves to extinguish the underlying debt, as opposed to foreclosing a

creditor from obtaining a state court remedy.  Indeed, such a broad reading of Cole

would directly contradict the Pennsylvania Supreme Court, as noted above.

        The Pennsylvania Supreme Court is the final arbiter of state law.  See, e.g.,

Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 592-93 (3d Cir.

1998); Donatelli v. Mitchell, 2 F.3d 508, 517 (3d Cir. 1993).  A decision of a state

intermediate appellate court cannot overrule contrary decisions of the state supreme court.

See Commonwealth v. Ruey, 854 A.2d 560, 563-64 (Pa. Super. 2004); In re Estate of

Zucker, 761 A.2d 148, 152 (Pa. Super. 2000).  Accordingly, the Cole decision from the

Commonwealth Court cannot overrule Pennsylvania Supreme Court decisions such as

Margiotti v. Cunningham, 337 Pa. at 298 and Woods v. Irwin, 141 Pa. at 293, holding

that stale claims are still debts under state law.  See City of Philadelphia v. Tax Review

Board of City of Philadelphia, 713 A.2d 718, 721 (Pa. Cmwlth. 1998) ("We must note

initially, however, that no case of this Court may overrule a case of the Supreme Court.").

Accordingly, under relevant state law, defendant Portfolio still holds a debt, albeit its

ability to obtain a judicial recovery is subject to a bar, owing to the staleness of its claim.

      In addition, even were Cole to stand for the proposition that Pennsylvania's

consumer protection law is violated by a creditor's commencement of a civil action on a

knowingly stale claim, it would not follow that there is no debt owing to Portfolio within

the broad definition of section 101(5)(A) of the Bankruptcy Code.  As discussed above,

the inability of the defendants to bring suit in state court does not preclude them from

holding a claim, for which section 501(a) permits the filing of a proof of claim.

      Therefore, along with numerous other courts to have considered the issue, I

conclude that defendant Portfolio in this adversary proceeding held a claim within the

meaning of section 101(5)(A), even though that claim was based upon a debt barred by

the statute of limitations.  And by holding a claim, it was a bankruptcy creditor of the

debtor with the right to file a proof of claim by virtue of section 501(a).


VI.


      Once one concludes that defendant Portfolio (acting through its agent PRA)

held a claim within the meaning of section 101(5), even though that claim was subject to

disallowance if an objection were asserted, the debtor's premise underlying this adversary

proceeding is incorrect.  As a result, none of the four counts in the debtor's complaint

state a cause of action.

In Count One, the debtor raises three statutory provisions: sections 105,

502, and 524.  As Portfolio's proof of claim #1 has been withdrawn, the debtor is not

entitled to any relief under section 502.  See In re TPI Intern. Airways, Inc., 1998 WL

34064504, at *3 (Bankr. S.D. Ga. 1998).  Furthermore, the debtor has not yet received a

discharge; therefore, he can state no cause of action under section 524 that the discharge

injunction has been violated.  See generally In re Padilla, 389 B.R. 409, 418 (Bankr. E.D.

Pa. 2008) (debtor fails to state a claim under section 524 against a creditor whose debt has

not been discharged).

To the extent that section 105(a)—the bankruptcy version of the All Writs

Act, see, e.g., In re Chateaugay Corp., 109 B.R. 613, 621 (S.D.N.Y. 1990); 2 Collier on

Bankruptcy, ¶ 105.LH[3] (15th ed. rev. 2008)—can be applicable to entities that file a

proof of claim, see generally In re Chassee, 399 B.R. at 240-41; In re Varona, 388 B.R. at

717, it cannot be applied in a manner that conflicts with a specific Code provision.

Section 105(a) was not intended by Congress as a blank charter for a bankruptcy judge to

grant equitable relief; rather, it was generally intended to fill in interstices found in the

Bankruptcy Code.  See In re Morristown & Erie R. Co., 885 F.2d 98 (3d Cir. 1989):

> Section 105(a) gives the court general equitable powers, but
> only insofar as those powers are applied in a manner
> consistent with the Code. . . .  Nor does section 105(a) give
> the court the power to create substantive rights that would
> otherwise be unavailable under the Code.

Id. at 100; accord FDIC v. Colonial Realty Co., 966 F.2d 57 (2d Cir. 1992):

> By its very terms, Section 105(a) limits the bankruptcy court's
> equitable powers, which "must and can only be exercised

21

> within the confines of the Bankruptcy Code[,]" <u>Norwest Bank</u>
> <u>Worthington v. Ahlers</u>, 485 U.S. 197, 206, 108 S. Ct. 963,
> 968, 99 L. Ed. 2d 169 (1988), and "cannot be used in a
> manner inconsistent with the commands of the Bankruptcy
> Code." <u>In re Plaza de Diego Shopping Ctr., Inc.</u>, 911 F.2d
> 820, 830-31 (1st Cir. 1990).

<u>Id.</u> at 59.

Given that section 501(a) authorizes every creditor holding a claim to file a

proof of claim, even if that claim is later disallowed under section 502(b), section 105(a)

does not state a cause of action to sanction such a filing. <u>See</u> <u>In re Simpson</u>, 2008 WL

4216317, at *3; <u>In re Varona</u>, 388 B.R. at 723-24; <u>see generally</u> <u>Matter of Fesco Plastics</u>

<u>Corp., Inc.</u>, 996 F.2d 152, 154-55 (7th Cir. 1993) ("[W]hen a specific Code section

addresses an issue, a court may not employ its equitable powers to achieve a result not

contemplated by the Code."); <u>see also</u> <u>In re McGregor</u>, 398 B.R. at 564 (filing a proof of

claim barred by the statute of limitations does not violate section 362(a)).

Similarly, Count Four, which seeks sanctions under 28 U.S.C. § 1927, states

no claim under these facts. Section 1927 sanctions an attorney who "multiplies the

proceedings in any case unreasonably and vexatiously." Bankruptcy judges, as units of

the district court, can enter such sanctions in appropriate circumstances. <u>In re Schaefer</u>

<u>Salt Recovery, Inc.</u>, 542 F.3d 90, 105 (3d Cir. 2008). However, in this proceeding

counsel for the claimant conceded the debtor's affirmative defense and withdrew his

client's claim. No action was taken that has been unreasonable or vexatious. <u>See</u>

<u>generally</u> <u>In re Andrews</u>, 394 B.R. at 388 (rule 9011 sanctions are not warranted for filing

proofs of claim that the creditor knew or should have known were time-barred).

Count Three, based upon an alleged violation of Pennsylvania's consumer

protection laws is preempted in this instance by federal bankruptcy law. In general, state

laws are invalid if they "interfere with, or are contrary to, federal law." Kehm Oil Co. v.

Texaco, Inc., 537 F.3d 290, 298 (3d Cir. 2008) (quoting Gibbons v. Ogden, 22 U.S. 1

(1824)).  To the extent that state law conflicts with the Bankruptcy Code, preemption

arising from the Supremacy Clause would be applicable.  See generally Perez v.

Campbell, 402 U.S. 637 (1971).

As determined earlier, based upon the facts pled in the debtor's complaint,

Portfolio held a claim within the meaning of section 101(5)(A) of the Bankruptcy Code.

As such, it was a creditor and was entitled by the Bankruptcy Code to file a proof of

claim.  11 U.S.C. § 501(A).  To the extent that Pennsylvania law would render the filing

of a proof of claim by Portfolio (or its agent) actionable, state law is preempted by the

congressional decision to authorize such claims to be filed.  See In re Chaussee, 399 B.R.

at 229-34 (Washington's state consumer protection law preempted by federal bankruptcy

law regarding the filing of stale proofs of claim) (and cases cited); In re Pariseau, 395

B.R. 492, 494-95 (Bankr. M.D. Fla. 2008) (Florida's consumer protection law preempted

concerning the filing of proofs of claim); see generally MSR Exploration, Ltd. v.

Merdiian Oil, Inc., 74 F.3d 910 (9th Cir. 1996); Koffman v. Osteoimplant Tech., Inc., 182

B.R. 115 (D. Md. 1995).

Finally, in Count Two, the debtor asserts that the defendants violated the

federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq.  This

contention overlooks the holding of numerous courts that an FDCPA claim "cannot be

based on the filing of a proof of claim, regardless of the ultimate validity of the

underlying claim." In re Simpson, 2008 WL 4216317, at *3; see, e.g., In re Pariseau, 395

B.R. at 493-94; In re Varona, 388 B.R. at 717-21; see also Walls v. Wells Fargo Bank,

23

N.A., 276 F.3d 502, 510-11 (9th Cir. 2002) (debtor's claim under FDCPA for an alleged

violation of the bankruptcy discharge must be dismissed); Jones v. Wolpoff & Abramson,

L.L.P., 2006 WL 266102, at *3 (E.D. Pa. 2006) (same).

　　　　The FDCPA "regulates the practices used to collect a debt." Adair v.

Sherman, 230 F.3d 890, 895 (7th Cir. 2000). The statute "makes it unlawful for debtor

collectors to use 'any false, deceptive, or misleading representation or means in

connection with the collection of any debt.'" Freyermuth v. Credit Bureau Services, Inc.,

248 F.3d 767, 770 (8th Cir. 2001) (quoting 15 U.S.C. § 1692e). Some courts have held,

outside of a bankruptcy context, that the FDCPA is violated when a debt collector

threatens or commences actual litigation knowing that the statute of limitations bars

recovery. See, e.g., Ehsanuddin v. Wolpoff & Abramson, 2007 WL 543052 (W.D. Pa.

2007); Kimber v. Federal Financial Corp., 668 F.Supp. 1480 (M.D. Ala. 1987). Other

courts have concluded that there is no FDCPA violation when a debt collector demands

payment of a knowingly stale debt without such threats or litigation. See, e.g.,

Freyermuth v. Credit Bureau Services, Inc., 248 F.3d at 771; Aronson v. Commercial

Financial Services, Inc., 1997 WL 1038818 (W.D. Pa. 1997).

　　　　Recently, in In re Chaussee, the Ninth Circuit Bankruptcy Appellate Panel

explained that the debt validation procedure of the FDCPA, an important component of

the statute, is incompatible both with the bankruptcy stay imposed by section 362(a), as

well as the procedure for objections to proofs of claim. Id., 399 B.R. at 237-39. Thus, it

concluded that the appropriate remedy for creditors who misuse the proof of claim

process is found in provisions such as section 105(a) and Fed. R. Bankr. P. 9011. Id., at

240-41.

24

For purposes of this adversary proceeding, I need only conclude that the FDCPA does not bar a creditor from filing a proof of claim, as permitted by section 501(a), where that claim is neither fraudulent nor improper.  See also Kokoszka v. Belford, 417 U.S. 642, 650-51 (1974) (even if the federal Consumer Credit Protection Act would protect a large portion of a wage-earner's federal tax refund from creditors, nevertheless the entire tax refund was property of the bankruptcy estate and subject to turnover to a bankruptcy trustee as provided under the former Bankruptcy Act).

VII.

There have been a substantial number of recently reported decisions involving entities that take bulk assignments of stale claims and then file proofs of claim in bankruptcy cases.  The debtor in this proceeding essentially raises the policy question whether such conduct is appropriate.  Should entities be permitted to file proofs of claim knowing that the claim is barred by the statute of limitations and, if objected to, will be disallowed?

I appreciate that debtors and bankruptcy trustees must be vigilant in reviewing proofs of claim, so that a distribution is not provided to those holding claims barred by the statute of limitations.  Nonetheless, as other courts have observed, the present statute and procedural rules do not preclude such filings by creditors.  Until the Bankruptcy Code is amended (for example, by adding a provision in section 501 requiring creditors to have a good faith belief in the allowability of their claims), or the procedural rules modified to render such claims invalid, see In re Chassee, 399 B.R. at 240 n.16; In

25

re Andrews, 394 B.R. at 388, creditors such as these defendants are entitled to file proofs of claim even for stale debts.

Absent some creditor impropriety in completing the proof of claim form constituting misconduct falling within the scope of section 105(a), or Fed. R. Bankr. P. 9011, or within the scope of a non-bankruptcy law provision that is in harmony with the Bankruptcy Code, a debtor or trustee's only redress for stale proofs of claim is the disallowance of the claim under section 502(b).  As allowance of Portfolio claim #1 is no longer at issue, owing to its withdrawal, the debtor is not entitled to any relief in this proceeding and the defendants' instant motion to dismiss must be granted.

An appropriate order will be entered.

_____
BRUCE FOX
United States Bankruptcy Judge

Dated: May 4, 2009